# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RUTH MERCEDES MARTINEZ, )<br>      Plaintiff, )<br>  )<br>    v. )<br>  )<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>      Defendant. ) | CAUSE NO.: 2:10-CV-370-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28], filed by Plaintiff on January 6, 2012. On January 19, 2012, the Commissioner filed a response brief in opposition to Plaintiff's fee request, and Plaintiff filed a reply on January 24, 2012.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 25, 2006, Plaintiff filed an application for Supplemental Security Income, alleging a disability onset date of June 2, 2005. This claim was denied initially on December 28, 2006, and upon reconsideration on April 16, 2007. A hearing was held on June 4, 2009, before Administrative Law Judge ("ALJ") Paul Armstrong, at which Plaintiff, her attorney, and a vocational expert ("VE") appeared. The ALJ issued an opinion denying the application on July 17, 2009. The Appeals Council denied Plaintiff's request for review on August 9, 2010, leaving the ALJ's decision as the final decision of the Commissioner    On September 22, 2010, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision. On February 15, 2011, Plaintiff filed an opening brief, submitting the following arguments for reversal or remand: that the ALJ (1) made improper medical determinations and mischaracterized evidence about

Plaintiff's seizure disorder and degenerative disc disease; (2) improperly used boilerplate language in Plaintiff's credibility determination and failed to consider the reasons for Plaintiff's missed appointments; (3) failed to include in his RFC limitations that reflected Plaintiff's deficiencies in concentration, persistence, or pace; and (4) failed to properly question the VE.

On October 11, 2011, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court granted remand for the ALJ's impermissible reliance on his own medical determination of appropriate treatment, and mischaracterization of evidence, ordering that the ALJ fully explain his credibility analysis and obtain new VE testimony on remand. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On January 6, 2012, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Motion is now before the Court.

**ANALYSIS**

In the instant Motion for Attorney's Fees, Plaintiff's counsel requests an award of fees at an hourly rate of $173.75 for attorney work performed on behalf of Plaintiff, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) when employing the "All items" figure provided by the Consumer Price Index.[1] Plaintiff's attorney also requests an hourly rate of $95.00 for work performed by legal assistants/paralegals. Finally, Plaintiff's attorney requests compensation for the time spent preparing the instant Motion for Attorney's Fees.

---

[1] Based on the time sheet submitted with Plaintiff's Motion, it appears that two attorneys performed work on behalf of Plaintiff in this case. However, only a single attorney, Barry A. Schultz, entered his appearance in this matter on Plaintiff's behalf. Thus, in this Opinion and Order, the Court refers to Plaintiff's counsel as a single attorney.

In his opening Motion, counsel for Plaintiff requests attorney's fees and costs for 57.5 attorney hours at the rate of $173.75 per hour (totaling $9990.62); 1.1 legal assistant hours at the rate of $95.00 (totaling $104.50), and $386.43 in costs, for a total of $10,481.55.[2]

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that Plaintiff is the prevailing party and that she or her attorney filed the instant Motion in a timely manner. There are now two issues before this Court: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Plaintiff's attorney are reasonable. The Court will address the issues separately.

---

[2]The Court notes that Plaintiff actually requests $10,012.43, but assumes that this is an error in addition.

## A. Substantially Justified

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there

4

is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 578-79. The Commissioner bears the burden of proof in showing that his litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

As a starting point for analysis, the Court summarizes its October 11, 2011, Opinion and Order. In the Order, the Court remanded this matter for further administrative proceedings, finding the ALJ mischaracterized and ignored evidence and drew imermissible medical conclusions, errors affecting every part of the ALJ's decision, including the credibility finding and the RFC.

Plaintiff argues that in light of the statutory and regulatory requirements applicable to these issues and relevant Seventh Circuit case law, the Commissioner's position was not substantially justified. In response, the Commissioner argues that his position was substantially justified since remand was primarily based on the need for further articulation by the ALJ.

As described above, the Commissioner bears the burden of proof in showing that his litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724. In this case, the Commissioner merely summarizes the reasons for the Court's remand and states that those reasons are primarily articulation errors, without including any additional argument. Although the Court did note that the ALJ's decision failed to fully articulate his reasoning, the primary reasons for remand were that the ALJ mischaracterized and ignored evidence and impermissibly relied on his own medical determination rather than that of any physician. The Seventh Circuit has repeatedly held that ALJs are not to make their own independent medical

findings. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

The ALJ's errors did not merely fail to allow the Court to follow the ALJ's reasoning, but failed to comply with the basic requirement that the ALJ rely on medical findings to reach his conclusions about the Plaintiff's abilities. These failures affected every part of the ALJ's decision. Therefore, the Court finds that the Commissioner's position was not substantially justified. Because the Commissioner's positions on the issues remanded by the Court were without substantial justification, and were contrary to established law, Plaintiff is entitled to reasonable fees pursuant to the EAJA.

### B. Fees

Plaintiff's attorney has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). "Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (quotation omitted). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*.

The Commissioner argues that Plaintiff has not shown that the counsel for Plaintiff is entitled to be compensated at an hourly rate in excess of the $125 "presumptive ceiling" of the EAJA, which provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." *Mathews-Sheets v. Astrue*, 653 F.3d 560,

563 (7th Cir. 2011); 28 U.S.C. § 2412(d)(2)(A). In order "to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets*, 653 F.3d at 563.

Counsel for the Commissioner argues that Plaintiff should be held to the standard described in *Mathews-Sheets*, and be required to "show that without a cost of living increase that would bring the fee award up to [the requested amount], a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id*. at 565. The Commissioner also argues that the relevant geographic area is limited to Hammond, Indiana, rather than the surrounding suburban Chicago area. Furthermore, to the extent that counsel for Plaintiff is entitled to an increase in the cost of living, the Commissioner argues that the Court should calculate the increase based on the Midwest Urban Consumer Price Index, which leads to a rate of $173.94 per hour.

Plaintiff argues that the *Mathews-Sheets* case relied upon heavily by the Commissioner dealt with an unusual fact pattern. In that case, the attorney seeking fees assumed an automatic cost of living increase rather than arguing that one was justified. The Seventh Circuit Court of Appeals emphasized that the EAJA requires the person seeking fees to show that inflation has increased the cost of legal services, rather than including an automatic cost of living adjustment, but remanded the case because the lower court did not consider *any* of the plaintiff's arguments about a cost of living increase. The *Mathews-Sheets* Court also noted that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low" and that even at the amount requested by the attorney in that case, "$170 an hour[,] the total fee award would be only $9,010." 653 F.3d at 564.

Counsel for Plaintiff argues that he has met the requirement of showing that his cost of doing business has increased at least commensurate with the cost of living increase in the area since 1996. He included descriptions of his increased costs as well as affidavits indicating that other attorneys handling social security cases in what he considered to be the relevant geographic region charge hourly rates between $164 and $350 per hour. Counsel for Plaintiff argues that the "relevant geographic area" in this case is the Chicago metropolitan area, as the Court sits only a few miles from the border of Chicago. Plaintiff also points out that the Midwest Urban Consumer Price Index, relied on by the Commissioner for calculating a cost of living increase, includes Hammond and Chicago in the same geographic area. Furthermore, the Court notes that the office of counsel for the Commissioner is itself located in Chicago and that other cases in this district, and even in the Southern District of Indiana, Indianapolis Division, have considered Chicago-area index rates to provide the relevant data for determining the appropriate rate in social security fee cases. *See, e.g.,Lugo-Gonzalez v. Astrue*, No. 2:09-cv-338, 2011 WL 3159485, at *5, 2011 U.S. Dist. LEXIS 81403, at *13-14, (N.D. Ind. July 25, 2011) (using the Midwest Urban Consumer Price Index as "the most accurate source of the cost of living" for a case litigated in Hammond); *Early v. Astrue*, No. 1:09-cv-373, 2011 WL 52453, at *1, 2011 U.S. Dist. LEXIS 1465, at *2-3 (S.D. Ind. Jan. 6, 2011) ("us[ing] the Chicago area CPI to calculate the amount of [the plaintiff]'s attorneys' fees" in an Indianapolis case); *Simms v. Astrue*, No. 2:08-CV-00094, 2009 WL 1659809, at *7, 2009 U.S. Dist. LEXIS 50185, at *23 (N.D. Ind. June 12, 2009) (applying a Consumer Price Index encompassing Chicago to a fees petition in a Hammond case).

Accordingly, and as urged by the Commissioner, the Court will rely on the Midwest Urban Consumer Price Index and its recognition of Hammond and Chicago as part of the same relevant

geographic area to determine an appropriate cost of living increase. The Index indicates that the cost of living has increased in the Midwest Urban area such that the applicable rate compared to 1996, as calculated by the Commissioner, would be $173.94 per hour. Based on the showings of counsel for Plaintiff that an increase over the $125 per hour rate from 1996 is justified, the Court agrees to the Plaintiff's requested rate of $173.75 per hour, which is slightly less than the Commissioner's calculated rate.

The Commissioner also argues that Plaintiff has not borne her burden of showing that the requested hours are reasonable. The Commissioner argues that Plaintiff merely compares the amount of hours spent on this case with other cases, without describing the complexity, size of the record, types or issues, or other factors that would make the comparison more meaningful. Although the Commissioner makes general arguments about the length of the record, he only points to two particular problems with the hours requested: that a junior attorney performed a lot of the drafting work for the briefs and that Counsel for Plaintiff spent .8 hours advising his client about her disability application.

Plaintiff agrees with the Commissioner that the 676 page record is "somewhat long," and points out that all of the record is important to the case, not just the medical evidence, as implied by the Commissioner. She also notes that the briefs were 38 pages in length, and that the Commissioner does not suggest that there was anything inefficient about them. Plaintiff provides a number of cases in this Circuit in which courts have found that attorney expenditure of approximately the same amount of time on similar lengths of briefs is reasonable, arguing that these are intended as comparators to show that the hours expended in the instant case fall within the range of reasonableness. Plaintiff also specifically compares this case to *Nickola v. Barnhart*, No. 03-C-

9

622-C, 2004 WL 2713075, 2004 U.S. Dist. LEXIS 23816 (W.D. Wis. Nov. 24, 2004), arguing that both cases are similarly straightforward and urging this Court to adopt that court's reasoning to conclude that approximately 60 hours of attorney and legal assistant time is reasonable where the good result achieved for the Plaintiff was attained through lengthy briefs laying out thorough exegesis of the record, even if the issues in the case were not particularly complex. Plaintiff also argues that the Commissioner's specific challenge to the .8 hours counsel for Plaintiff spent consulting with his client was related to the Court procedures and part of counsel for Plaintiff's duty to his client.

  The Court finds that Plaintiff has sufficiently demonstrated that the amount of time spent in this case was reasonable. As Plaintiff points out, most social security cases do not present particularly complex legal issues, but that does not mean that "providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome" does not take time. *Nickola v. Barnhart,* 2004 WL 2713075, at *2, 2004 U.S. Dist. LEXIS 23816 at *4. As indicated by Plaintiff, courts in this Circuit have found that payments of similar amounts for about the same amount of time expended is reasonable in numerous social security cases, and the fact that there was nothing particularly extraordinary about this case is further evidence that the number of hours worked was reasonable. The Commissioner does not set forth any specific arguments about why the time spent by a more junior attorney on the case was unreasonable, other than a general argument that the attorney was a fairly recent law school graduate. Given the reasonableness of the overall amount of time spent and the lack of any specific argument for decreasing the award by a certain amount, the Court declines to make a blanket determination of the skill or efficiency of an

attorney based solely on the amount of time that he or she has been a member of the bar. The Court also finds that the specific line items objected to by the Commissioner should not be deducted from the total number of hours, as they reflect time spent by counsel for Plaintiff meeting with his client regarding case strategy and its implications.

In her reply, the Plaintiff also makes a supplemental fee petition in the amount of 4.0 hours for the drafting of the 16 page reply brief. Given the number of challenges to the fee petition raised by the Commissioner and the Plaintiff's success with this Motion, the Court finds that this is a reasonable request, and will use the hourly rate calculated by the Commissioner of $173.94 for this additional time. Accordingly, the Court will award 61.5 hours of attorney time and 1.1 hours of assistant time, up through and including the filing of the instant Motion. S*ee Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (allowing attorney fees for time spent preparing the EAJA request for fees).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $11,072.81 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 30th day of April, 2012.

                                                  s/ Paul R. Cherry
                                                  MAGISTRATE JUDGE PAUL R. CHERRY
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record.